### DREYER v. ERSHOWSKY et al.

(Supreme Court, Appellate Division, Second Department. March 14, 1913.)

TRIAL (§ 29*)—EXAMINATION OF WITNESSES—CONDUCT OF COURT.

　　For the court to conduct the examination of the witnesses for plaintiff, and to refuse to permit his counsel to do so, deprives him of a fair opportunity to present his case.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. § 29.*]

Appeal from Trial Term, Kings County.

Action by Samuel Dreyer against Samuel Ershowsky and another. From a judgment for defendants, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Herman Gottlieb, of New York City, for appellant.
George W. Hurlbut, of New York City, for respondents.

RICH, J. This appeal is from a judgment in favor of the defendants, entered upon the verdict of a jury in an action to recover for negligence. It may be that upon the record here presented, and considering the method pursued in the trial of this action, a verdict for the defendants was not without justification. We are convinced, however, that the cause was so hastily disposed of that an injustice may have been done. The plaintiff was represented by skillful counsel, but was not permitted to have the facts elicited from his witnesses by the counsel employed to represent him and conduct his case. The ordinary and usual procedure in the trial of causes was disregarded. The learned justice who presided at the trial took it upon himself to conduct the examination of witnesses, and we feel that in taking from counsel, who was undoubtedly familiar with the case and knew what he expected to prove by his witnesses, the opportunity of trying his case the plaintiff has been deprived of his day in court.

The plaintiff was the first witness called upon the trial, and, after he had stated his place of residence and the nature of his business, the learned court interrupted the examination, and proceeded to question the witness as to the nature and cause of the accident and the extent of his injuries. The next witness was a physician and surgeon, and his examination in chief was also conducted by the court. The

―――――――――

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

third witness for plaintiff was in defendants' employ at the time of the accident, and, after the witness had said in response to questions by the court that he saw plaintiff that day, counsel said:

"Would your honor permit me to conduct the examination?
"The Court: One moment, please. Get some facts first."

And the court proceeded to interrogate the witness as to the crucial questions involved. The record shows that counsel again asked to be permitted to examine the witness.

"Mr. Gottlieb: Won't your honor allow me to examine this witness?
"The Court: No."

Other witnesses were called for plaintiff and questioned by the court, when finally a witness was called in rebuttal. The record follows:

"Harry Weintraub, 102 Orchard Street, Manhattan, called as a witness in behalf of the plaintiff, being duly sworn, testified:
"By the Court: Q. Now, Weintraub, where were you on September 6, 1907?
"Mr. Gottlieb: Will your honor permit me to examine the witness?
"The Court: No; I am going to examine for a while.
"Mr. Gottlieb: I except.
"A. On the corner of Delancey and Forsyth street. Q. What were you doing there? A. I have been sitting on Mr. Rosenberg's wagon, moving van. Q. Who else was sitting on that moving van?
"Mr. Gottlieb: I object to your honor cross-examining the witness, if your honor please.
"Q. Who was sitting there?
"Mr. Gottlieb: I except.
"The Court: Counselor, you will sit down and not rise again until the court tells you.
"Mr. Gottlieb: I except."

We think that the conduct of the court in refusing to permit counsel to conduct the examination of his witness was highly improper. While it is true that the manner in which a witness shall be examined is largely in the discretion of the trial judge, it must be understood that we have not adopted in this country the practice of making the presiding judge the chief inquisitor. It is better to observe our time-honored custom of orderly judicial procedure, even at the expense of occasional delays; and, while we recognize the commendable zeal which prompted the learned justice to expedite the litigation, it must not be forgotten that the trial of a lawsuit is an important event to the parties, and they must not only receive justice, but must be made to know that justice is being administered. The judge is an important figure in the trial of a cause; and while he has the right, and it is often his duty, to question witnesses to the end that justice shall prevail, we can conceive of no other reason for him to take the trial of the cause out of the hands of counsel. It is better that he should conduct the trial with such deliberation that the scales may be seen to balance at every stage in the progress of the trial.

We are of the opinion that the plaintiff has not had a fair opportunity of presenting his case, and the judgment and order must therefore be reversed and a new trial granted, costs to abide the event. All concur; JENKS, P. J., in result.